___

SO ORDERED,

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: February 25, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| MICKEY DALE FUGITT AND RHONDA LOU FUGITT, | CASE NO. 13-03094 |
| DEBTORS. | CHAPTER 7 |
| MICKEY DALE FUGITT AND RHONDA LOU FUGITT | PLAINTIFFS |
| VS. | ADV. PROC. NO. 13-00098-NPO |
| MISSISSIPPI DEPARTMENT OF REVENUE | DEFENDANT |

ORDER (1) DENYING MOTION
FOR SANCTIONS; (2) GRANTING MOTION FOR
LEAVE TO AMEND ANSWER TO COMPLAINT;
(3) MODIFYING THE SCHEDULING ORDER; AND
(4) SETTING A RESPONSE DEADLINE TO THE
MOTION TO DISMISS ADVERSARY OR TO ABSTAIN

There came on for hearing on February 24, 2014 (the "Hearing"), the Motion for Sanctions (the "Sanctions Motion") (Adv. Dkt. 8)[1] filed by the Debtors, Mickey Dale Fugitt ("Mickey Fugitt") and Rhonda Lou Fugitt ("Rhonda Fugitt" or, together with Mickey Fugitt, the "Fugitts"); the Memorandum in Support of Plaintiffs' Motion for Sanctions (Adv. Dkt. 9) filed

___

[1] Citations to docket entries in this adversary proceeding, Adv. Proc. No. 13-00098-NPO, are cited as "(Adv. Dkt. _____)"; and citations to docket entries in the main bankruptcy case, Case No. 13-03094, are cited as "(Bankr. Dkt. _____)".

by the Fugitts; the Response to Motion for Sanctions (the "Response") (Adv. Dkt. 13) filed by the Mississippi Department of Revenue ("MDOR"), and the Motion for Leave to Amend Answer to Complaint (the "Motion to Amend") (Adv. Dkt. 14) filed by MDOR in the above-referenced adversary proceeding (the "Adversary"). At the Hearing, James G. McGee, Jr. represented the Fugitts; and Kenitta Franklin Toole represented MDOR.

## Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. These are core proceedings under 28 U.S.C. § 157(b)(2)(A), (I), (K), and (O). Notice of the Sanctions Motion and the Motion to Amend was proper under the circumstances.

## Facts

1. On October 11, 2013, the Fugitts filed a voluntary, joint petition for relief (the "Petition") under chapter 7 of the U.S. Bankruptcy Code (the "2013 Bankruptcy Case") (Bankr. Dkt. 1).

2. On November 7, 2013, the Fugitts filed the Complaint of Mickey Dale Fugitt and Rhonda Lou Fugitt Initiating Adversary Proceeding (the "Complaint") (Adv. Dkt. 1). In the Complaint, the Fugitts ask the Court to determine the validity and dischargeability of taxes assessed by MDOR and related tax liens.

3. On December 20, 2013, the MDOR filed the Answer to Complaint (the "Answer") (Adv. Dkt. 4).[2] MDOR's response to thirty-one (31) of the thirty-five (35) allegations in the Complaint either includes, or consists entirely of, the following statement:

---

[2] On December 9, 2013, MDOR mistakenly filed the Answer in the 2013 Bankruptcy Case (Bankr. Dkt. 28); thereafter, MDOR filed the Answer in the Adversary on December 20, 2013.

> The MDOR is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph no. [ ] of the Complaint, and therefore denies same.

(Answer ¶¶ 1-3, 6-9, 11-32, 34-35).

4. The allegations that MDOR declined to admit or deny on the ground that it lacked sufficient knowledge or information to form a belief, include the following general averments:

- Mickey Fugitt is an adult citizen and resident of Walnut Grove, Mississippi.

- Rhonda Fugitt is an adult citizen and resident of Walnut Grove, Mississippi.

- On October 10, 2007, MDOR assessed sales taxes against the Fugitts for the period of March 1, 2004 through April 30, 2007 in the amount of $43,888.00.

- MDOR purportedly delivered a "Notice of Assessment" to the Fugitts, by certified mail, on October 13, 2013. The Fugitts have no recollection of having received the "Notice of Assessment" from MDOR. After the Fugitts became aware of the "Notice of Assessment," the time to appeal the assessments had expired under Mississippi law.

- MDOR erroneously reported a tax lien under the name and social security of the daughter of the Fugitts. As a result, the tax lien erroneously appeared on the credit report of the Fugitts' daughter.

- In 2012, the Fugitts sought protection from creditors by filing a chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of Mississippi, in Case No. 12-02731-NPO (the "2012 Bankruptcy Case").

- The § 341 creditors' meeting in the 2013 Bankruptcy Case was scheduled for November 13, 2013, and MDOR was notified of the date and time of the § 341 creditors' meeting.

- On October 24, 2012, in the 2012 Bankruptcy Case, MDOR filed a proof of claim against Mickey Fugitt, individually, in the amount of $50,189.43. Also on that same date in the 2012 Bankruptcy Case, MDOR filed a proof of claim against the Fugitts, jointly, in the amount of $16,573.66.

Page 3 of 9

(Compl. ¶¶ 8-9, 11-12, 17, 24-27).

5. The Fugitts filed the Sanctions Motion on January 27, 2014. The Fugitts contend that MDOR's representation that it "lack[s] knowledge and/or information sufficient to form a belief" is "disingenuous and constitutes an attempt by MDOR to evade having to draft and/or file meaningful responsive pleadings." (Fugitts Br. at 2). MDOR's Answer, according to the Fugitts, violates Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Rule 9011"). (*Id*. at 1).

6. As a remedy, the Fugitts in the Sanctions Motion ask the Court to enter an order finding that MDOR's counsel violated Rule 9011 and requiring MDOR's counsel to show cause "why she has not violated" Rule 9011. The Fugitts further ask the Court, after a show cause hearing, to enter an order striking MDOR's Answer and awarding the Fugitts their reasonable attorney's fees incurred in pursuit of the Sanctions Motion.

7. In its Response, MDOR asserts, *inter alia*, that counsel for the Fugitts failed to send a copy of the Sanctions Motion to MDOR prior to filing it, and, therefore, the Sanctions Motion is defective procedurally and should be denied.

8. On the same day as the Hearing, MDOR filed the Motion to Amend.[3] Attached to the Motion to Amend is a copy of MDOR's proposed Amended Answer to Complaint (the "Amended Answer"). (Adv. Dkt. 14-1).

## Discussion

The Court addresses the Sanctions Motion and the Motion to Amend separately in the discussion below.

---

[3] At the Hearing, the parties agreed to have the Motion to Amend considered at the same time as the Sanctions Motion.

A.     **Sanctions Motion**

Because the Fugitts did not serve MDOR with a copy of the Sanctions Motion before filing it in the Adversary, the Court agrees with MDOR that the Sanctions Motion should be denied on procedural grounds.  *See* FED. R. BANKR. P. 9011(c)(1)(A).  The U.S. Court of Appeals for the Fifth Circuit has held that compliance with the service requirement, known as the "safe harbor" provision, is a prerequisite to an award of sanctions pursuant to Rule 9011(c)(1)(A).[4]  *See The Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586-87 (5th Cir. 2008) (holding that Rule 9011 requires service of the actual motion for sanctions before it is filed); *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (affirming denial of sanctions on procedural grounds); *see also Riley v. City of Jackson, Miss.*, 2 F. Supp. 2d 864, 880 (S.D. Miss. 1997) (denying motion for sanctions as being improperly filed).  The "safe harbor" provision grants the party against whom sanctions are sought "an opportunity to withdraw or correct the offending contention."  *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).  If the alleged violation is

---

[4] Rule 9011(c)(1)(A) states:

   (1) How Initiated.

   (A) By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.  *The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegations, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).*

FED. R. BANKR. P. 9011(c)(1)(A) (emphasis added).  Rule 9011 is almost identical to Rule 11 of the Federal Rules of Civil Procedure.

corrected during the twenty-one (21) day "safe harbor" period, then the issue of sanctions becomes moot, and the motion for sanctions should not be filed. *Riley*, 2 F. Supp. 2d at 880.

The purpose of the "safe harbor" provision is to "protect[] litigants from sanctions whenever possible in order to mitigate Rule [90]11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.2, at 722 (3d ed. 2004) (footnote omitted). In the instant matter, the Fugitts did not afford MDOR's counsel an opportunity to correct the responses in the Answer that they allege are objectionable. Because the Fugitts failed to follow the procedures mandated by Rule 9011, the Court finds that the Sanctions Motion should be denied.

The Fugitts next argue that the Court, on its own initiative, should issue an order to show cause to counsel for MDOR to explain why her behavior does not violate Rule 9011. Although the "safe harbor" provision does not apply when the Court initiates a Rule 9011 show cause hearing, the Court declines to issue a show cause order at this time. *See* FED. R. BANKR. P. 9011(C)(1)(B). The issue of sanctions, therefore, is not properly before the Court. The Court, nevertheless, will address briefly its concerns about whether the Answer complies with Rule 9011 and Rule 8(b) of the Federal Rules of Civil Procedure ("Rule 8(b)").[5]

The only appropriate response to an allegation in a complaint under Rule 8(b) is either (1) an admission or denial of the allegation or (2) a statement that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation. FED. R. CIV. P. 8(b). The

---

[5] Rule 7008 of the Federal Rules of Bankruptcy Procedure makes Rule 8(b) applicable to bankruptcy proceedings.

effect of a statement that neither admits nor denies an allegation is a denial. FED. R. CIV. P. 8(b)(5).

Although Rule 8(b) allowed MDOR to deny allegations if it lacked sufficient knowledge or information, it did not relieve MDOR of the duty to conduct an initial investigation before doing so. *See Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989) (noting that Rule 8(b) defines limited circumstances under which pleader may "do something other than either admit or deny an allegation"). The following provision of Rule 9011(b)(4) makes the duty to investigate clear:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting or later advocating it) a petition, pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ---
>
> \* \* \*
>
> (4) *the denials of factual contentions* are warranted on the evidence or, *if specifically so identified, are reasonably based on a lack of information or belief*.

FED. R. BANKR. P. 9011(b)(4) (emphasis added).

It appears to the Court that MDOR's counsel failed to make a reasonable inquiry into the allegations of the Complaint prior to filing the initial Answer. For example, the Fugitts alleged that MDOR previously had mailed them a "Notice of Assessment" at their mailing address in Walnut Grove. (Sanctions Mot. at 2). Yet, MDOR asserted in the Answer that it lacked sufficient knowledge or information to admit or deny that the Fugitts reside in Walnut Grove, Mississippi. (Ans. ¶¶ 8-9). More telling are MDOR's responses to the allegations in the Complaint regarding its own conduct. These allegations include MDOR's assessment of sales taxes against Mickey Fugitt on October 10, 2007 (Ans. ¶ 11), its issuance of a "Notice of Assessment" against the Fugitts on October 13, 2013 (Ans. ¶ 12), its report of a tax lien against

the daughter of the Fugitts (Ans. ¶¶ 17, 35), and its filing of proofs of claims against Mickey Fugitt, individually, and the Fugitts, jointly, in their 2012 Bankruptcy Case (Ans. ¶ 27). As to these contentions, MDOR's counsel should have had sufficient information to admit or deny most, if not all, of the allegations in the initial Answer after conducting only a cursory review of MDOR's own records and of the dockets of the 2012 Bankruptcy Case and the 2013 Bankruptcy Case. Instead, the initial Answer neither admits nor denies eighty-nine percent (89%) of the numbered allegations in the Complaint.

**B.     Motion to Amend**

MDOR seeks leave to amend its initial Answer to correct the deficiencies pointed out by the Debtors. The Court agrees with MDOR that it is in the best interests of the parties that MDOR be allowed to amend the Answer to address more squarely the allegations in the Complaint. Indeed, the proposed Amended Answer changes twenty-six (26) of the thirty-five (35) responses in the initial Answer and appears to narrow the issues for trial.

## Conclusion

In conclusion, the Court finds that the Fugitts failed to comply with the "safe harbor" provision of Rule 9011(b), and, therefore, the Sanctions Motion should be denied. In addition, the Court finds that MDOR should be granted leave to file the proposed Amended Answer.

Besides the Motion to Amend, MDOR filed a Motion to Dismiss Adversary or to Abstain (the "Motion to Dismiss") (Dkt. 15) on the same day as the Hearing. In light of the filing of the Motion to Dismiss and the anticipated filing of the Amended Answer, the Court finds that the Scheduling Order (Dkt. 5) entered in the Adversary on December 23, 2013, should be modified to adjust the discovery deadline and set a date certain for the Debtors to respond to the Motion to Dismiss.

IT IS, THEREFORE, ORDERED that the Sanctions Motion is denied.

IT IS FURTHER ORDERED that MDOR shall amend its answer by filing the proposed Amended Answer by March 4, 2014.

IT IS FURTHER ORDERED that the Scheduling Order hereby is modified to extend the deadline to May 5, 2014 for completion of discovery related to the issues raised in the Motion to Dismiss and to require the Debtors to file by May 27, 2014, a response to the Motion to Dismiss. All other deadlines set forth in the Scheduling Order shall remain unchanged.

IT IS FURTHER ORDERED that the Motion to Dismiss and any responses are set for hearing on June 11, 2014, at 10:00 a.m. in the Bankruptcy Courtroom, Room 4C, 501 East Court Street, Jackson, Mississippi.

##END OF ORDER##