# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| MICKEY DALE FUGITT AND<br>RHONDA LOU FUGITT | CHAPTER 7 CASE NO. 13-03094 |

| | |
|---|---|
| MICKEY DALE FUGITT AND<br>RHONDA LOU FUGITT | PLAINTIFF |
| V. | ADVERSARY PROC. NO. 13-03098 NPO |
| MISSISSIPPI DEPARTMENT OF REVENUE | DEFENDANT |

## REPLY TO
## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Mississippi Department of Revenue (hereinafter "MDOR"), a Defendant in the above styled and numbered cause, and files this, its Reply to Plaintiff's Response to Motion for Summary for Judgment (Dkt. No. 53) filed in this matter, and in support of said Reply would show unto the Court the following, to-wit:

1. Plaintiffs have responded to Defendant's Motion for Summary Judgment claiming that their case should not be dismissed because the delivery of certified mail was defective because a Jessica Fugitt signed for Rhonda Fuggitt and Mickey Fugitt signed the receipt on the assessment against him deriving from the original assessment against his spouse, that audit was incorrect due to inclusions of money that should not be taxable, and that the sales taxes owed are not trust funds but excise taxes that should be dischargeable. These claims are without merit.

2. The service of process for the assessment was correct and lawful for both parties, Rhonda Fugitt and Mickey Fugitt. The statute at issue, Miss. Ann. § 27-65-37

states that the delivery of the assessment was to be completed by certified mail or personal delivery. The Plaintiff makes the argument that the delivery should have been "restricted certified delivery", wherein the addressee would have been the only one allowed to sign for the assessment. This was not required by the statute. Jessica Fugitt signed for Rhonda Fugitt and Mickey Fugitt signed for delivery of his own assessment. (See Exhibit B and C attached to the Brief and Motion for Summary Judgment) At this time of the assessment, delivery other than by personal delivery was to be completed with certified mail. There exists guidance to be had within the Mississippi Rules of Civil Procedure, Rule 4 wherein service of process can be completed by delivery by process server to an individual …

> [*made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.*

The individuals who accepted service of the assessment fit within these requirements. Service of the assessment was proper.

3. The Plaintiffs have no verifiable admissible evidence that any allegations in the compliant concerning the audit are true nor to overcome the prima facie assessment.

4. Plaintiffs argue that the lowest intermediate balance rule should apply to determine whether the sales taxes were actually held in trust. The lowest intermediate balance rule only applies to trust fund monies when there is an

attempt to create a constructive trust upon property of the estate through the equitable powers of §105(a) of the Bankruptcy Court. The MDOR has not argued for a constructive trust to exist upon a non-existent estate. This argument is without merit.

5. The sales taxes assessed within this assessment derive from the operation of a convenience store. The Plaintiffs have no verifiable admissible evidence to refute the motion. However, Plaintiffs go forward with an argument that since they cannot prove what they did or did not collect due to incomplete records at the time of the audit which are now non- existent at the time of the lawsuit, these sales tax monies should not be trust funds. (See Exhibit L to Motion for Summary Judgment and Brief)

6. Miss. Ann. Code 27-65-31 states in pertinent part that " …

> [The **funds** collected by the taxpayer (seller) from the purchaser pursuant to the provisions of this chapter shall be considered "**trust fund** monies" and the taxpayer shall hold these **funds** in **trust** for the State of Mississippi; said **funds** to be separately accounted for as provided by regulation of the commissioner. If the taxpayer fails to remit these **trust fund** monies as required by law, then the taxpayer may be assessed with a penalty in three (3) times the amount of **taxes** due. This penalty is to be assessed and collected in the same manner as **taxes** imposed by this chapter and shall be in addition to all other penalties and/or interest otherwise imposed. For purposes of this section there shall be a presumption that the taxpayer collected the **tax** from the customer or purchaser."]

7. Plaintiffs misconstrue the law deriving from <u>Mobility Medical Inc. v. Miss. Department of Revenue, 119 So.3d 1002, 1005 (Miss. 2013)</u> Simply put, the Mississippi Supreme Court stated that it does not matter if you add on the sales taxes to purchase price or not, the tax is to be paid out of the monies collected.

8. The legal standard set forth in <u>Celotex Corp. v. Catreett, 477 U.S. 317, 106 S.Ct 2548, 91 L.Ed.2d 265 (1965)</u> states that "Once the moving party has made its required showing, the non-movant must go beyond the pleadings by its own affidavits or by depositions, answers to depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. <u>Celotex,</u> 477 U.S. at 324.

9. The MDOR has made its required showing as the movant, that a prima facie assessments were issued, delivered properly according to the law and there exists no genuine issue of material fact. The plaintiff has failed to show a genuine issue for trial or any evidence to overcome its burden of proof that the tax assessment is incorrect.

10. Defendant, MDOR has shown itself entitled to summary judgment, and respectfully requests that the motion be granted.

   Dated: September 2, 2014

   MISSISSIPPI DEPARTMENT OF REVENUE

   <u>BY: s./Kenitta Franklin Toole</u>
   Kenitta Franklin Toole, MSB #101157
   Senior Staff Attorney
   Post Office Box 22828
   Jackson, MS 39225
   Phone: 601-923-7414
   Facsimile: 601-923-7423

## CERTIFICATE OF SERVICE

      I, Kenitta Franklin Toole, attorney for the Mississippi Department of Revenue, hereby certify that I have this day served a true and correct copy of the foregoing Response to Motion to Strike via the ECF system to the following:

**James G McGee, Jr.**
Law Office of James G. McGee, Jr. PLLC
125 South Congress St.
Capitol Towers, Suite 1240
Jackson, MS 39201
(601) 965-6157
Fax : (601) 956-6166
Email: jmmcgee@mcgeetaxlaw.com; matt.rutherford@mcgeetawlaw.com;

      THUS DONE, this the 2nd day of September, 2014.

                                  s/ Kenitta Franklin Toole
                                  Mississippi Department of Revenue
                                  LEGAL DIVISION
                                  Post Office Box 22828
                                  Jackson, MS 39225
                                  Phone: 601-923-7414
                                  Facsimile: 601-923-7423